The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| THOMAS EDWARD HOLMES & | ) |
| ANNETTE DALONZO HOLMES, | ) CASE NO. 10-61482 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On October 7, 2010, debtors Thomas Edward Holmes and Annette Dalonzo Holmes objected to claim 9-1 filed by Ocwen Loan Servicing, as servicing agent for the Bank of New York Mellon ("New York Mellon"). On November 12, 2010, New York Mellon objected to debtors' second amended chapter 13 plan.

The court held a hearing on these matters on December 22, 2010. At the hearing, Christian Niklas represented New York Mellon and Nicole L. Rohr represented the debtors. At the close of the hearing, the parties agreed to file briefs after which the court would take the objection to confirmation under advisement. Briefs have been filed and this is the court's decision.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On September 30, 1999, debtors signed a promissory note and mortgage in favor of Bank One. The mortgage encumbers debtors' residence at 4076 Bonnie Drive, Malvern, Ohio 44644. The promissory note ("note") provides for monthly payments of $572.96 for fifteen years followed by a balloon payment on December 5, 2014. New York Mellon is the current holder of the note and mortgage.

Debtors filed their first chapter 13 plan on April 9, 2010, proposing plan payments for a minimum of 36 months. The plan provided that debtors' mortgage payments would be made through the plan and that the debtors would repay a mortgage arrearage in the amount of $8,400. New York Mellon objected to the plan on May 11, 2010, arguing that the plan would extend beyond the maturity date of the note, and, as such, the debtors were required to pay the note off in full in order to keep their residence.

Debtors filed an amended plan on September 8, 2010, followed by a second amended plan on November 8, 2010. The second amended plan raised debtors' payments to $905 per month and provides that the debtors will surrender their residence if they are unable to refinance their home before the balloon payment becomes due. The second amended plan is similar to the amended plan in all other respects. The debtors' brief explains that the plan payment was increased so that the second amended plan could complete before the balloon payment due date.

On September 16, 2010, Ocwen Loan Servicing filed claim 9-1 as servicing agent for New York Mellon in the amount of $97,867 at 9.13% interest. The claim indicates that it is fully secured by the debtors' residence. Consistent with New York Mellon's assertion that the debtors' plan must pay the claim in full, the claim indicates an arrearage of zero dollars and states that it is a "Total Debt" proof of claim. Consistent with the debtors' desire to pay the mortgage current through the plan, debtors' objection states that the claim should not be a "Total Debt" claim and should list an arrearage of $8,400.

## STANDARD OF REVIEW

In an objection to confirmation based on 11 U.S.C. § 1322(b), the creditor bears the initial burden of producing evidence that supports the objection. The burden then shifts to the debtor who must come forward to rebut the evidence presented by the objecting creditor. In re Barnes, 378 B.R. 774, 777 (Bankr. D.S.C. 2007); In re Coleman, 373 B.R. 907, 911 (Bankr. W.D. Mo. 2007); In re McGilberry, 298 B.R. 258, 260 (2003).

## LAW AND ANALYSIS

The central issue in this dispute is whether New York Mellon's claim is a short term debt (that is, the last payment on the debt will fall before the last plan payment) or a long term debt (that is, the last payment on the debt will fall after the last plan payment).

2

New York Mellon argues that its claim a short term debt. If New York Mellon is right, 11 U.S.C. § 1322(b)(2) requires that the second amended plan pay off its claim in full if debtors intend to keep their house. Section 1322(b)(2) provides in relevant part that a plan may not modify a "claim secured only by a security interest in real property that is the debtor's principal residence."

Debtors argue that New York Mellon's claim is a long term debt. According to the debtors, the second amended plan will pay out approximately 10 months before the balloon payment on the note is due. If the debtors are right, section 1322(b)(5) allows the debtors to pay off their mortgage arrearage through the second amended plan. Section 1322(b)(5) provides in relevant part that, notwithstanding section 1322(b)(2), a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim *on which the last payment is due after the date on which the final payment under the plan is due* . . . ." (emphasis added).

The courts finds in favor of the debtors. New York Mellon bears the initial burden of producing evidence to support its objection and has produced no evidence or analysis that suggests that debtors will be unable to pay off their plan before the balloon payment on the note is due.

Accordingly, New York Mellon's objection to confirmation is overruled, and, by necessary implication, debtors' objection to New York Mellon's proof of claim is sustained. The court will allow New York Mellon 30 days to file an amended proof of claim reflecting debtors' mortgage arrearage.

An order will accompany this opinion.

\#   \#   \#

Service List:

Thomas Edward Holmes
4076 Bonnie Drive
Malvern, OH 44644

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708